# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** BRONX,

---x

NICK UNDERWOOD,

Plaintiff/Petitioner,

- against -

Index No.26566/2020E

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, DELTA AIRLINES, INC. and FERREIRA CONSTRUCTION CO., INC.,

Defendant/Respondent.

---x

**NOTICE OF ELECTRONIC FILING**
**(Consensual Case)**
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at

To find legal information to help you represent yourself visit

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: ).

Dated: 7/23/20

DAVID H. MAYER, ESQ.
Name

SACKS & SACKS, LLP
Firm Name

150 BROADWAY, 4TH FLOOR

NEW YORK, NY 10038
Address

2129645570
Phone

david@sacks-sacks.com
E-Mail

To: ALL DEFENDANTS

2/24/20

RECEIVED NYSCEF: 06/30/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

NICK UNDERWOOD,

*Plaintiff(s),*

*-against-*

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, DELTA AIRLINES, INC. and FERREIRA CONSTRUCTION CO., INC.,

*Defendant(s).*

***SUMMONS***

***Index No.:***
***Date Purchased:***

PORT AUTHORITY OF NY & NJ
OFFICE OF THE SECRETARY
2020 JUL 29 P 4: 38

*Plaintiff designates* Bronx County as the place of trial

*Basis of Venue:* Venue provisions CPLR 505 pursuant to Public Authority Law

*Residence of Plaintiff:*
7123 4th Avenue, Apt. D4
Brooklyn, New York 11209

To the above named Defendant(s):

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
June 22, 2020

SACKS & SACKS, LLP

By: DAVID H. MAYER, ESQ.
*Attorney(s) for Plaintiff(s)*
*Office and Post Office Address*
150 Broadway - 4th Floor
New York, New York 10038
(212) 964-5570

PORT AUTHORITY OF NY & NJ
OFFICE OF THE SECRETARY
2020 JUL 29 P 4: 38

Defendant(s) Address(es):

**PORT AUTHORITY OF NEW YORK AND NEW JERSEY**
4 World Trade Center
150 Greenwich Street, 24th Floor
New York, New York 10006

**DELTA AIRLINES, INC.**
1030 Delta Boulevard
Atlanta, Georgia 30320

**FERREIRA CONSTRUCTION CO., INC.**
31 Tannery Road
Branchburg, New Jersey 08876

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------------x

NICK UNDERWOOD,

*Plaintiff(s),*

***VERIFIED COMPLAINT***

*-against-*

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, DELTA AIRLINES, INC. and FERREIRA CONSTRUCTION CO., INC.,

***Index No.:***

*Defendant(s).*

---------------------------------------------------------------------x

PORT AUTHORITY OF NY & NJ
OFFICE OF THE SECRETARY
2020 JUL 29 P 4:48

Plaintiff, complaining of the defendants, by their attorneys, **SACKS & SACKS, LLP**, respectfully alleges as follows:

**FIRST**: That at all times herein mentioned, defendant, **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** was and still is a public authority duly organized and existing under and by virtue of the laws of the States of New York and New Jersey.

**SECOND**: That at all times herein mentioned, defendant, **DELTA AIRLINES, INC.** wad and still is a foreign corporation duly organized and existing to perform work and to conduct business in the State of New York.

**THIRD**: That at all times herein mentioned, defendant, **FERREIRA CONSTRUCTION CO., INC.** was and still is a foreign corporation duly organized and existing to perform work and to conduct business in the State of New York.

**FOURTH**: That at all times herein mentioned herein, within ten months after the cause of action herein accrued, plaintiff served upon the **PORT AUTHORITY OF NEW YORK AND NEW JERSEY** on the 18th day of December 2019 a Notice of Claim setting forth the time when, the place where and the manner in which the claim arose so far as practical. To date, the Comptroller for the **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, has not offered

any adjustment of said claim. This action is bring commenced within one year and ninety days after the cause of action herein accrued.

**FIFTH**: That at all times herein mentioned, defendant, **THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY** was and still is the owner of premises under construction at the LaGuardia Airport, more specifically at the ground level of the Headhouse at the new Delta Terminal, in the Borough of Queens, City and State of New York.

**SIXTH**: That at all times herein mentioned, defendant, **THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY** entered into a long term lease with **DELTA AIRLINES, INC.** for **DELTA AIRLINES, INC.** to conduct business at LaGuardia Airport.

**SEVENTH:** That at all times herein mentioned, defendant, **FERREIRA CONSTRUCTION CO., INC.** was in the business of providing general contracting services and was the general contractor at the aforesaid premises.

**EIGHTH**: That at all times herein mentioned, defendant, **FERREIRA CONSTRUCTION CO., INC.** was in the business of providing construction management services and was the construction manager at the aforesaid premises.

**NINTH**: That at all times herein mentioned, defendant, **THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY** retained **FERREIRA CONSTRUCTION CO., INC.** for **FERREIRA CONSTRUCTION CO., INC.** to act as general contractor and/or construction manager at the aforesaid premises.

**TENTH**: That at all times herein mentioned, defendant, **DELTA AIRLINES, INC.** retained **FERREIRA CONSTRUCTION CO., INC.** for **FERREIRA CONSTRUCTION CO., INC.** to act as general contractor and/or construction manager at the aforesaid premises.

**ELEVENTH**: That at all times herein mentioned, defendant, **FERREIRA CONSTRUCTION CO., INC.** entered into a contract with Stonebridge for Stonebridge to perform work, labor and services at the aforesaid premises.

**TWELFTH:** That on the 18th day of November 2019, while plaintiff, **NICK UNDERWOOD** was lawfully upon the aforesaid premises as an employee of the aforesaid

Stonebridge he was caused to sustain serious and severe injuries.

THIRTEENTH: The occurrence as aforesaid was caused solely and wholly by the reason of negligence, carelessness and recklessness of the defendants and its contractors, agents and employees who were negligent in the ownership, operation, management and control of the aforesaid premises. The defendants, its contractors, agents and employees failed to ensure that plaintiff would not be struck by a hoisted load at the aforesaid premises; further, failed to ensure that all loads were properly secured in place; further, failed to ensure that all hoisted loads would be properly hoisted by a crane thereat; further, failed to provide proper securing devices for the work performed thereat including but not limited to bands which would not break like the bands did at the time of the accident; further, failed to provide proper chokers, spreader hooks, and other apparatuses; further, failed to ensure that plaintiff would not be struck by heavy loads that require securing for the purposes of its undertakings; further, failed to ensure there would be no sudden acceleration of the load; further, violated Sections 200, 240 and 241(6) of the Labor Law of the State of New York, Rule 23 of the Industrial Code of the State of New York, specifically, but not limited to: 23-1.5(and all subsections), 23-1.7(and all subsections), 23-1.8(and all subsections), 23-1.30(and all subsections), 23-8.1(and all subsections), 23-8.2(and all subsections), 23-8.3(and all subsections), 23-8.4(and all subsections), 23-8.5(and all subsections), Article 1926 of O.S.H.A. and was otherwise negligent careless and reckless, causing plaintiff to sustain serious and severe injuries.

FOURTEENTH: Plaintiff was free from comparative fault.

FIFTEENTH: As a result of the aforesaid occurrence plaintiff was rendered sick, sore, lame and disabled, was confined to bed and home; was caused to expend large sums of money for medical aid and attention and has been prevented from attending his usual occupation and/or avocation for a long period of time.

SIXTEENTH: The monetary damages sustained by plaintiff exceed the jurisdictional limitations of all lower courts which would otherwise have had jurisdiction.

**WHEREFORE**, the plaintiff demands relief against the defendants for conscious pain and suffering, loss of enjoyment of life, medical expenses, past and future, lost wages and union benefits, past and future, and all other recoverable items under New York State law.

**SACKS & SACKS, LLP**
Attorneys for Plaintiff(s)
Office & P.O. Address:
150 Broadway - 4th Floor
New York, New York 10038
(212) 964-5570

## ATTORNEY'S VERIFICATION BY AFFIRMATION

I, **DAVID H. MAYER**, am an attorney duly admitted to practice in the courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s), I have read the annexed **SUMMONS AND VERIFIED COMPLAINT** know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: facts, investigations and pertinent data contained in deponent's file.

The reason I make this affirmation instead of plaintiff is because plaintiff(s) reside in a County other than where deponent maintains his office.

DATED: NEW YORK, NEW YORK
JUNE 22, 2020

**DAVID H. MAYER ESQ.**

 

# NYSCEF - Bronx County Supreme Court

## Confirmation Notice

The NYSCEF website has received an electronic filing on 06/30/2020 10:23 AM. Please keep this notice as a confirmation of this filing.

**26566/2020E**
**nick underwood v. PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al**
**Assigned Judge: None Recorded**

### Documents Received on 06/30/2020 10:23 AM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |

### Filing User

David H Mayer | david@sacks-sacks.com | 2129645570
150 Broadway 4th Floor, New York, NY 10038

### E-mail Notifications

An email regarding this filing has been sent to the following on 06/30/2020 10:23 AM:

**DAVID H. MAYER - david@sacks-sacks.com**

### Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | PORT AUTHORITY OF NEW YORK AND NEW JERSEY | No consent on record. |
| Respondent | DELTA AIRLINES, INC. | No consent on record. |
| Respondent | FERREIRA CONSTRUCTION CO., INC. | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

**Hon. Luis M. Diaz, Bronx County Clerk**
Phone: 718-590-8122 (fax) Website: http://www.bronxcountyclerkinfo.com/law

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 2

# NYSCEF - Bronx County Supreme Court
## Confirmation Notice

**26566/2020E**
**nick underwood v. PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al**
**Assigned Judge: None Recorded**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

**Hon. Luis M. Diaz, Bronx County Clerk**
Phone: 718-590-8122 (fax) Website: http://www.bronxcountyclerkinfo.com/law

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile